**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LAMARR T. BRAZIER,

          Plaintiff,

vs.

NICHOLAS BRIGANDI, *et al*.,

          Defendants.

2:14–cv–15–JAD–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

This matter involves incarcerated *pro se* Plaintiff LaMarr T. Brazier's section 1983 action against five Defendants for violations of Brazier's Fourth, Eighth, and Fourteenth Amendment rights. (*See* Amend. Compl. (#2) at 4–6). Before the court are Plaintiff LaMarr T. Brazier's application to proceed *in forma pauperis* (#1[1]), and amended complaint[2] (#2). For the reasons stated below, the court grants Brazier's motion to proceed *in forma pauperis*, and recommends dismissing Brazier's complaint with leave to amend.

**BACKGROUND**

In January 2012, LaMarr T. Brazier was associating with an individual of a different race at 4:00 a.m. "by restaurants" in Las Vegas, Nevada. (*See* Amend. Compl. (#2) at 4). Las Vegas Metropolitan Police Officer J. Johnson saw Brazier and apparently did not approve of Brazier's conduct. Without provocation, Johnson allegedly chased, grabbed, tased, beat, and arrested Brazier. (*Id.* at 3, 4). Brazier

---

[1] Parenthetical citations refer to the court's docket.
[2] Brazier filed his initial complaint on January 3, 2014, (*see* Compl. #1-1), and an amended complaint on January 17, 2014. (*See* Amend. Compl. #2). Because Brazier's initial complaint was never served, Brazier properly amended his pleading without leave. *See* FED. R. CIV. P. 15(a)(1)(A).

1

was subsequently released. (*Id.*)

On October 20, 2013, the officers pursued Brazier again. This time Officers Goodrich and Kyger entered Brazier's home without a warrant, pushed and kicked his feet from under him and caused him to scrape his back as he fell against a stucco wall. (*Id.* at 3, 4). As the assault ensued, Brazier called his mother for help. (*Id.* at 3). No one answered; but Goodrich's voice was caught on Brazier's mother's voicemail. (*Id.*)

On November 16, 2013, Officers Goodrich and Kyger returned to Brazier's home again. (*Id.* at 4). This time, they brought four additional officers, including Officers Brigandi and Frost. (*Id.*) Again, they entered without a warrant or Brazier's permission. (*Id.*) Once inside, they assaulted and battered Brazier. (*Id.*) Officer Frost twisted Brazier's left hand, which now requires surgery. (*Id.*) The entire event was "caught on video surveillance." (*Id.*)

Sometime before entering Brazier's home on October 20, 2013 or November 16, 2013, the officers allegedly perjured themselves in order to obtain a warrant (*Id.* at 6).

Later, Brazier was criminally charged. (*Id.* at 3, 4). Again, the officers perjured themselves during Brazier's trial. (*Id.* at 4, 6). At trial, Brazier introduced pictures of himself that evidenced the beating he suffered in January. (*Id.* at 4). Nonetheless, Brazier was convicted and now resides at Clark County Detention Center. (*Id.* at 1).

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

2

**DISCUSSION**

On January 3, 2014, Brazier commenced this civil action, alleging claims under the Fourth, Eighth, and Fourteenth Amendments. Before examining Brazier's claims, the court begins its analysis of Brazier's filings by addressing Brazier's application to proceed *in forma pauperis*.

**I.      Brazier may Proceed *in Forma Pauperis***

Brazier's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Brazier submitted a financial affidavit (#1). According to the affidavit, Brazier is unemployed, incarcerated, and has no savings. (*Id.*) Brazier's application to proceed *in forma pauperis* is, therefore, granted.

**II.     Whether Braizer's Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim**

Because the court grants Brazier's application to proceed *in forma pauperis*, it must review Brazier's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Brazier's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

*A.      Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where an incarcerated *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

4

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.     *Brazier's Amended Complaint States Cognizable Claims under 42 U.S.C. § 1983*

Section 1983 provides, "Every person who, under color of [law] causes . . . any citizen . . . to [be] depriv[ed] of nay rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Brazier's amended complaint satisfies section 1983's requirements. First, Brazier alleges that officers of the Las Vegas Metropolitan Police Department violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. (*See* Amend. Compl. (#2) at 4–6). Second, Brazier also alleges that the officers were acting under color of state law. (*Id.*) Because this satisfies section 1983's core requirements, the court now examines each of Brazier's three claims to determine whether Brazier's amended complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e).

5

### C. *Brazier's Eighth Amendment Claim Should be Amended*

Count one of Brazier's amended complaint states a claim for cruel and unusual punishment in connection with three[3] beatings Brazier allegedly received before being convicted or incarcerated. (*See* Amend. Compl. (#2) at 4). The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. CONST. amend. VIII. This prohibition only applies after judgment of conviction is entered. *Graham v. Connor*, 490 U.S. 386, 393 & n. 6 (1989); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Accordingly, Braizer cannot state a claim for cruel and unusual punishment under the Eighth Amendment because the alleged "punishment" occurred before he was convicted.

However, because Brazier is an incarcerated *pro se* litigant, the court holds Brazier to "less stringent standards" and "liberally construes" his Eighth Amendment claim for cruel and unusual punishment as a Fourth Amendment claim for excessive force. *See Hughes*, 449 U.S. at 10 n. 7; *Karim–Panahi*, 839 F.2d at 623. As stated by Justice Rehnquist in *Graham v. Conner*, "**all** claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment. *Graham*, 490 U.S. 386, 395 (1989) (emphasis orginal).

The court, therefore, recommends directing Brazier to amend his Eighth Amendment claim for cruel and unusual punishment to state a claim for excessive force under the Fourth Amendment.

### D. *Brazier's Fourth Amendment Claims Should Proceed*

Count two of Brazier's amended complaint states claims for unlawful search and seizure in connection with three searches and seizures that were conducted in January 2012, October 20, 2013, and

---

[3] The amended complaint states that count one applies beatings that occurred in January 2012, October 20, 2013, and November 16, 2013. (Amend. Compl. (#2) at 1).

6

November 16, 2013. (*See* Amend. Compl. (#2) at 1, 5). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend IV. Here, Brazier alleges that officers of the Las Vegas Metropolitan Police Department stopped and searched Brazier on the street in January 2012 and later entered Brazier's home without a warrant or his permission on October 20, 2013 and November 16, 2013. (*See* Amend. Compl. (#2) at 5).

The protections afforded by the Fourth Amendment derive from a longstanding concern related to Government trespass. *United States v. Jones*, 132 S. Ct. 945, 949 (2012) (quoting *Entick v. Carrington*, 95 Eng. Rep. 807 (C.P. 1765) ("[O]ur law holds the property of every man so sacred, that no man can set his foot upon his neighbour's close without his leave; if he does he is a trespasser, though he does no damage at all; if he will tread upon his neighbour's ground, he must justify it by law."). Trespass alone, however, is insufficient to state a claim under the Fourth Amendment. *Jones*, 132 S. Ct. at 951 n. 5 ("Likewise with a search. Trespass alone does not qualify, but there must be conjoined with that what was present here: an attempt to find something or to obtain information."); *United States v. Karo*, 468 U.S. 705, 713 (1984) ("[A]n actual trespass is neither necessary nor sufficient to establish a constitutional violation.").

The court finds that Brazier's three Fourth Amendment claims satisfy this standard. Brazier's complaint unequivocally states that the Government trespassed into Brazier's home to arrest Brazier on October 20, 2013 and November 11, 2013: the officers "enter[ed] my home without an arrest/search warrant and took me to jail." (*See* Amend. Compl. (#2) at 5). Additionally, although sparse, Brazier pleads additional facts that contain slightly more than a mere "'formulaic recitation of the elements' of a constitutional" claim. *Iqbal*, 556 U.S. at 680. For instance, Brazier alleges that the officers lied to obtain a warrant, pushed and kicked his feet from under him, which caused him to scrape his back as he fell

7

against a stucco wall, and then twisted his wrist, which now requires surgery. (Amend. Compl. (#2) at 3, 4, 6). Brazier also pleads that during one incident he called his mother for help, which resulted in Goodrich's voice being caught on Brazier's mother's voicemail. (*Id*. at 3). Similarly, Brazier alleges that the second incident was "caught on video surveillance." (*Id*.)

The court reaches the same conclusion with regard to the search that occurred in January 2012. Brazier's complaint alleges that Officer Johnson stopped him on the street at 4:00 a.m. while he was standing "by restaurants," asked to see Brazier's identification, told Brazier to remove his hands from his pockets, and then prevented Brazier from being "free to leave." (Amend. Compl. (#2) at 5). These allegations invoke the Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1968). In *Terry*, the Supreme Court held that police may "stop and frisk"—(*i.e.*, seize and search)—individuals for weapons if the officer has "reasonable suspicion" that crime is afoot. *Terry*, 392 U.S. at 30. Reasonable suspicion is defined as "[a] particularized and objective basis, supported by specific and articulable facts, for suspecting a person of criminal activity." *See* BLACK'S LAW DICTIONARY (9th ed. 2009).

Here, Brazier alleges that Officer Johnson stopped him because Brazier was "associate[ing]" with an individual of a different race. (*See* Amend. Compl. (#2) at 1, 5). It is, of course, perfectly legal to associate with people of different races. *See* U.S. CONST. amend. I (protecting "the right of the people peaceable to assemble"); U.S. CONST. amend. XIV § 1 (guaranteeing "the equal protection of laws). Additionally, although sparse, Brazier's allegations contain slightly more than a mere "'formulaic recitation of the elements' of a constitutional" claim. *Iqbal*, 556 U.S. at 680. For instance, Brazier's complaint states that he was standing on the street near restaurants at approximately 4:00 a.m.; he also details, albeit in vague terms, a footrace that led to his arrest. (*See* Amend. Compl. (#2) at 3). Accordingly, Brazier's complaint states a claim under the Fourth Amendment because it indicates that Officer Johnson stopped and frisked Brazier without "reasonable suspicion" that crime is afoot.

### *E.    Brazier's Fourteenth Amendment Claim Should be Dismissed with Prejudice*

Count three of Brazier's amended complaint states a claim for the denial of due process under the Fourteenth Amendment. (*See* Amend. Compl. (#2) at 6). Brazier alleges that the officers violated his right to due process because they "lied to obtain a warrant." (*Id.*)

These allegations invoke the Fourth, rather than the Fourteenth, Amendment. *See Graham*, 490 U.S. at 395 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). As a result, this claim is merely one part of Brazier's Fourth Amendment claim. Standing alone as a Fourteenth Amendment claim, it fails as a matter of law. Accordingly, Brazier's Fourteenth Amendment claim should be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff LaMaar T. Brazier's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff LaMaar T. Brazier is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

**REPORT & RECOMMENDATION**

IT IS RECOMMENDED that counts one and two of Plaintiff LaMarr T. Brazier's complaint be DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER RECOMMENDED that COUNT THREE be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Second Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE