**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LAMAAR T. BRAZIER,

        Plaintiff,

vs.

NICHOLAS BRIGANDI, *et al.*,

        Defendants.

Case No. 2:14–cv–15–JAD–VCF

**ORDER**

        This matter involves incarcerated *pro se* Plaintiff LaMaar T. Brazier's section 1983 action against five Defendants for violations of Brazier's Fourth Amendment rights. (*See* Third Amend. Compl. (#8) at 4–5[1]). Before the court is Brazier's Motion for Service (#12), Motion for Extension of Time for Service (#13), and Motion for Service (#14). For the reasons stated below, Brazier's motions are granted.

        On March 3, 2014, this court entered an order and report and recommendation. It stated that (1) Brazier should amend his Eighth Amendment claim for cruel and unusual punishment to state a claim for excessive force under the Fourth Amendment; (2) Brazier's Fourth Amendment Claims for unlawful search and seizure should proceed; and (3) Brazier's Fourteenth Amendment claim should be dismissed with prejudice. (Report & Rec. (#3) at 6, 9).

        On May 13, 2014, the Honorable Jennifer A. Dorsey, U.S. District Judge, adopted this court's report and recommendation and granted Brazier leave to amend. Brazier subsequently filed a Third Amended Complaint (#8). In accordance with Judge Dorsey's order, it states two claims: (1) a Fourth Amendment claims for excessive force and (2) a Fourth Amendment Claim for unlawful search and seizure.

---

[1] Parenthetical citations refer to the court's docket.

1

Now, Brazier moves the court to serve the named Defendants. (*See generally* Docs. #12, #13, #14). Pursuant to 28 U.S.C. 1915(e), the court is required to screen Brazier's Third Amended Complaint before ordering service. The court has screened Brazier's Third Amended Complaint. As stated above, it states two claims under the Fourth Amendment as directed by Judge Dorsey.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Brazier's motions (#12, #13, #14) are GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#8), issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or

their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 29th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE