**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LAMAAR T. BRAZIER,

        Plaintiff,

vs.

NICHOLAS BRIGANDI, *et al.*,

        Defendants.

Case No. 2:14–cv–15–JAD–VCF

**ORDER**

      This matter involves incarcerated *pro se* Plaintiff LaMaar T. Brazier's civil rights action against various Las Vegas Metropolitan Police Department Officers. Before the court are Brazier's Motion for Service (#30[1]), Motion to Compel (#33), and Motion for Service (#36). For the reasons stated below, Brazier's motions are granted in part and denied in part.

      Brazier's Motion for Service (#30) seeks an extension of time to service two defendants, Officer Frost and Officer J. Johnson. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." This requirement "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). The district court is permitted to extend the time to serve a defendant if the plaintiff demonstrates good cause. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Good cause exists here. Brazier is incarcerated and unable to investigate the facts underlying his action.

      In response to Brazier's Motion for Service (#30), Defendants stated that "Officer J. Johnson" is believed to be Officer James Johnson, P#12881, and "Officer Frost" is believed to be Officer Kyle Frett,

---

[1] Parenthetical citations refer to the court's docket.

P#13815. Defendants do no oppose granting Brazier an extension of time to serve Officers Johnson and Frett. Therefore, Brazier's Motion for Service (#30) is granted.

Next, Brazier's moves to compel (#33) Defendants to produce incident reports related to his arrest and criminal prosecution. Brazier's motion is procedurally improper. As Defendants argue, no discovery plan and scheduling order had been entered before Brazier's motion was filed, no discovery requests have been propounded, and Brazier—although *pro se*—is required to follow the Federal Rules of Civil Procedure and the District of Nevada's Local Rules of Civil Practice. *See, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (stating that *pro se* litigants are entitled to "great leniency" but are still required to follow court orders and rules).

Now that a discovery plan and scheduling order has been filed, Brazier may request discovery as permitted by the Federal Rules of Civil Procedure. This includes depositions (*see* Rule 30), interrogatories (*see* Rule 33), requests for production of documents (*see* Rule 34), and requests for admissions (*see* Rule 36). If Brazier makes a valid discovery request under one of these Rules and Defendants refuse to comply with the request, then Brazier may file a motion to compel discovery under Rule 37. Before moving to compel, however, Brazier is advised that he must "meet and confer" with Defendants. Under Federal Rule 37(a)(1) and Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b); *see also* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

This means that the court will not consider Brazier's discovery motions, unless he first attempts to resolve his discovery dispute with Defendants out of court. *See Shuffle Master, Inc. v. Progressive Games,*

*Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention).

Finally, Brazier also filed a Motion for Service (#36). This is duplicative of his previous motion and is therefore denied as moot.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Brazier's Motion for Service (#30) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to Defendant Officer James Johnson, P#12881 and Defendant Officer Kyle Frett, P#13815, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used.

IT IS FURTHER ORDERED that Brazier SERVE Defendants Johnson and Frett by April 17, 2015.

IT IS FURTHER ORDERED that Motion to Compel (#33) is DENIED.

IT IS FURTHER ORDERED that Motion for Service (#36) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 20th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE