UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LaMaar T. Brazier, | 2:14-cv-00015-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing All Claims and Closing Case** |
| Officer Nicholas Brigandi, Officer Frost, Officer Allyn Goodrich, Officer Kyle Kyger, Officer Johnson, Saleem, and Gallender, | **[ECF 37, 43, 48, 63, 67]** |
| Defendants | |

Pro se plaintiff LaMaar T. Brazier sues four Las Vegas Metropolitan Police officers[1] for civil-rights violations he claims occurred in three separate arrests in 2011 and 2013 that led to his conviction for resisting a public officer, possession of a controlled substance, and forgery. Brazier asserts that on each of these dates, defendants violated his Fourth Amendment right to be free from excessive force and unlawful search and seizure.

Defendants move for partial judgment on the pleadings, arguing that all claims except Brazier's excessive-force claim regarding the October and November 2013 incidents are either barred by the statute of limitations or by the United States Supreme Court's decision in *Heck v. Humphrey*,[2] which precludes the use of a § 1983 civil-rights lawsuit to undermine an outstanding criminal conviction or sentence. They separately move to dismiss all claims based on Brazier's failure to keep his address updated as required by this district's local court rules. Brazier has filed his own motions, asking for judgment in his favor—either by default or otherwise.[3]

I find that Brazier's claims stemming from the January 2011 arrest are barred by the two-year

---

[1] Brazier also named two additional officers—Saleem and Gallender. These defendants have not been properly served and I dismiss the claims against them under FRCP 4(m). *See infra* at IV.

[2] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

[3] I find all pending motions suitable for disposition without oral argument. Nev. L.R. 78-2.

Page 1 of 12

statute of limitation, which rendered those claims time-barred nearly a year before he filed this lawsuit. Brazier's unlawful-search-and-seizure claims are barred by *Heck* because a ruling in his favor would necessarily undermine his criminal convictions. So I grant the defendants' motion for judgment on the pleadings on each of these claims, leaving only his excessive-force claims from October and November 2013. I dismiss these remaining claims without prejudice because Brazier has violated this court's local rules by failing to update his address since May. I then deny Brazier's motions for judgment on the pleadings and for default both as moot and because, contrary to Brazier's assertions, defendants have responded to his allegations.

## Background

**A.    January 22, 2011**

Brazier alleges that on January 22, 2011, he was associating with an individual of a different race when Las Vegas Metropolitan Police Officer J. Johnson, in his patrol car, approached the pair and asked them for identification.[4] After Brazier handed Johnson his identification, Johnson attempted to place Brazier in handcuffs. According to Brazier, Johnson then threw him "into a tree face first, chased [him], and tazed [him]."[5] Brazier was charged with battery of an officer with substantial bodily harm and ultimately convicted by a jury of the lesser included offense of resisting a public officer.[6] Brazier claims that Officer Johnson violated his Fourth Amendment right to be free from unreasonable search and seizure and used excessive force.

**B.    October 20, 2013**

Brazier alleges that Officers Allyn Goodrich, Kyle Kyger, Nicholas Brigandi, Saleem, and Gallender entered his home in the middle of the night on October 20, 2013, with neither consent nor a warrant and ordered everyone outside.[7] Goodrich then handcuffed Brazier, dragged him outside,

---

[4] ECF 27 at 27.

[5] *Id.*

[6] ECF 37-1; 37-2.

[7] ECF 27 at 5–6.

and kicked his feet out from under him.[8] Brazier was charged with possession of methamphetamine and pled guilty three days later.[9] Brazier asserts that Officers Goodrich, Kyger, and Brigandi violated his Fourth Amendment right to be free from unreasonable search and seizure and excessive force.

**C.     November 16, 2013**

Brazier alleges that on November 16, 2013, Officers Goodrich, Kyger, and Brigandi and others again entered his home without a warrant or consent.[10] Brazier alleges that, following the illegal entry, Brigandi handcuffed him and forced him to sign a consent form.[11] These officers, plus transporting officer Kyle Frett (erroneously sued as Officer Frost),[12] then kicked Brazier in his side and back while he was lying on the ground and twisted his left wrist.[13] Brazier was subsequently charged with forgery by altering computer data[14] and pled guilty to that offense.[15] Brazier again claims that these officers violated his Fourth Amendment right to be free from unreasonable search and seizure and excessive force on this second date.

**D.     Procedural History**

Brazier filed this suit on January 3, 2014.[16] He quickly amended it, and his amended complaint was screened under 28 U.S.C. § 1915.[17] Brazier amended his complaint three more times,

---

[8] *Id.*

[9] ECF 37-3; 37-4.

[10] *Id.* at 6.

[11] *Id.*

[12] *See* ECF 52.

[13] ECF 27 at 5.

[14] ECF 37-5.

[15] ECF 37-6.

[16] ECF 1-1.

[17] ECF 2, 3.

and his fourth amended complaint is now the operative one.[18]

Defendants Johnson, Goodrich, Kyger, Brigandi, and Frett have answered.[19] Although Brazier added Officers Saleem and Gallender as defendants in his fourth amended complaint,[20] it does not appear from the record that they were ever served. On August 31, 2015, Brazier was notified that this action would be dismissed without prejudice against Saleem and Gallender under FRCP 4(m) if proof of service was not filed by September 30, 2015.[21] That notice was returned to the court undelivered.[22] Defendants have notified the court that their mail to plaintiff has been consistently returned undeliverable since August 6, 2015.[23] Brazier's last filing in this case was on May 13, 2015.[24]

## Discussion

### I. Defendants' Motion for Partial Judgment on the Pleadings [ECF 37]

#### A. Judgment on the Pleadings

"Judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."[25] In ruling on a Rule 12(c) motion, the court may not consider extrinsic evidence unless the motion is converted into a Rule 56 motion for summary judgment.[26] A court may, however, consider facts that are contained in

---

[18] ECF 4 (second amended complaint), 8 (third amended complaint), 27 (fourth amended complaint).

[19] ECF 31, 52.

[20] ECF 27.

[21] ECF 60.

[22] ECF 61 ("Return to sender. Not deliverable as addressed. Unable to Forward."). Although the Brazier updated his address on May 4, 2015, court mail delivered to that address has been consistently returned since September 14, 2015.

[23] ECF 62 at 3.

[24] ECF 57.

[25] *Rose v. Chase Bank, USA, N.A.*, 513 F.3d 1032, 1036 (9th Cir. 2008) (internal citation omitted).

[26] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

materials that the court can take judicial notice of without converting the motion into one for summary judgment.[27] Defendants have attached the charging documents and judgments of conviction for Brazier's state-court criminal cases. I take judicial notice of these documents for purposes of ruling on this motion.[28]

### B. 42 U.S.C. § 1983

Section 1983 provides that "[e]very person who, under color of [law] causes . . . any citizen . . . to [be] depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."[29] "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[30] To state a claim under § 1983, a plaintiff must allege two essential elements: "that (1) the defendants acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes."[31]

### C. Brazier's claims stemming from the January 2011 arrest are time-barred.

Defendants argue that Brazier's claims arising out of the January 22, 2011, arrest are untimely because Nevada has a two-year statute of limitations for these civil-rights claims, and Brazier did not file these claims until January 3, 2014—almost three years after the alleged unlawful arrest.[32] Brazier responds that his claims arising from the January 2011 arrest are timely because he did not know that he had a claim on the date of his arrest due to his lack of legal experience. Brazier

---

[27] *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

[28] ECF 37 at 11–25 (amended information, jury verdict, criminal complaint, disposition notice and judgment, second amended information, judgment of conviction).

[29] 42 U.S.C. § 1983.

[30] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

[31] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

[32] ECF 37 at 5.

1  further argues that the limitation period was tolled pending the outcome of his criminal case.[33]

2  Federal courts apply the forum state's personal injury statute of limitations for § 1983
3  claims.[34] In Nevada, the applicable statute of limitations is two years.[35] "Federal law, however,
4  governs when a claim accrues."[36] Under federal law, a claim accrues when the plaintiff knows or has
5  reason to know of the injury that forms the basis of the action.[37] The accrual date of a §1983 claim
6  thus "depends upon the substantive basis of the claim."[38]

7  Brazier alleges that on January 22, 2011, Johnson arrested him without probable cause and
8  "threw [him] into a tree face first, chased [him], and tazed [him]."[39] Thus, Brazier knew on that day
9  that he had suffered the injuries that now form the basis for these claims. Though Brazier might not
10 have known the precise nature of his claims in a legal sense, the statute nonetheless began to run
11 when he knew he suffered these injuries—not once he gained more knowledge of his constitutional
12 rights or when his criminal case concluded. The statute of limitations on Brazier's claims arising
13 from his January 2011 arrest expired in January 2013. By the time he filed these claims in January
14 2014, they were time-barred. I grant the defendants' motion to enter judgment on the pleadings on
15 Brazier's claims relating to the January 2011 arrest.

**D.  All of Brazier's unlawful-search-and-seizure claims are barred under *Heck*.**

In *Heck v. Humphrey,* the United States Supreme Court held that a prisoner cannot use a
§1983 civil-rights claim to obtain damages or other relief if success on that civil claim would

---

[33] ECF 42 at 3.

[34] *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

[35] NEV. REV. STAT. § 11.190(4).

[36] *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

[37] *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

[38] *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (disagreed with on other grounds by *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1152 (9th Cir. 2003)).

[39] ECF 27 at 5.

necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.[40] In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which § 1983 damages are sought, the §1983 action must be dismissed."[41] A § 1983 action can proceed, however, if success on the merits will not necessarily invalidate a conviction against the plaintiff.[42]

Defendants argue that Brazier's unlawful-search-and-seizure claims arising out of the 2013 arrests are *Heck*-barred because judgment in Brazier's favor would necessarily imply the unlawfulness of his convictions for possession of a controlled substance (October 2013 arrest) and forgery by altering computer data (November 2013 arrest).[43] Brazier responds that these claims are not *Heck*-barred because the state court did not rule on the legality of these arrests and defendants have not denied his allegations that these arrests were unlawful.[44]

In footnote seven of the *Heck* opinion, the High Court left open the possibility that, under certain circumstances, a § 1983 suit for an allegedly unreasonable search might lie even if the search produced evidence that ultimately resulted in the plaintiff's still-outstanding conviction.[45] The Court reasoned that, because of doctrines like independent source, inevitable discovery, and, especially, harmless error, judgment in the plaintiff's favor in the §1983 action would not necessarily render the conviction invalid.[46] Although footnote seven left open the question of how *Heck* applies to Fourth Amendment civil-rights claims, the Ninth Circuit has consistently held that they are not exempt from

---

[40] *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

[41] *Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

[42] *Heck*, 512 U.S. at 487.

[43] ECF 37 at 6–7.

[44] *Id.* at 4.

[45] *Heck*, 512 U.S. at 487 n. 7.

[46] *Id.*

the *Heck* analysis.[47]  And, consistent with *Heck*, the Ninth Circuit has held that "a [§] 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the charges have been overturned."[48]

Brazier's unlawful-search-and-seizure claims are *Heck*-barred because both of his pleas and convictions appear to be based entirely on evidence recovered during the allegedly unlawful searches. Most importantly, there is no indication that the state court ruled on the admissibility of the evidence seized in these searches and declined to suppress it based on an exception to the exclusionary rule. There is not even an indication in the record that Brazier challenged the admissibility of this evidence in either criminal case before pleading guilty.[49]

As to the possession charge, the record of conviction reveals that police found methamphetamine on Brazier's person following his arrest on October 20, 2013.[50]  All that is required for a conviction under NRS 453.336 is proof that the defendant knowingly possessed a controlled substance.[51]  A ruling that this arrest was unlawful would necessarily undermine Brazier's conviction because it does not appear that there was any basis for the discovery of the methamphetamine other than the allegedly unlawful arrest and search—and the methamphetamine formed the sole basis for Brazier's plea and conviction.

---

[47] *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (collecting cases).

[48] *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (overruled in part on other grounds by *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007)).

[49] Though Brazier does not raise this argument, I also find that Brazier's claims are not insulated from the *Heck* bar under *Lockett v. Ericson*, 656 F.3d 896–97 (9th Cir. 2011).  In *Lockett*, the Ninth Circuit held that *Heck* did not preclude a plaintiff who pleaded *nolo contendere* in his criminal case from asserting a § 1983 claim for unlawful search because judgment in his favor would not affect the validity of his plea.  *See also Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014) (citing *Lockett* with approval).  *Lockett* does not apply here because Brazier's convictions are based upon guilty pleas—rather than no contest pleas—and the Ninth Circuit has not applied *Lockett* in the context of guilty pleas.

[50] ECF 37 at 19.

[51] *Fairman v. Warden*, 431 P.2d 660, 663 (Nev. 1967); Wayne R. LaFave, Substantive Criminal Law § 6.1(e) p. 430–31 (2d. 2003).

Brazier's conviction for forgery-by-altering-computer-data presents a closer question because that offense requires proof of more complex elements: the knowing, willful, and unauthorized alteration or deletion of data. It is possible that a plaintiff could challenge a search that produced evidence that ultimately formed a partial basis for conviction under this statute without necessarily invalidating that conviction. It appears, however, that Brazier's plea— and resultant conviction —were based entirely on the seizure of a computer from his residence during the challenged search.[52] There are no facts indicating that Brazier's conviction was based in part or instead on any other evidence. A ruling in Brazier's favor that the search that recovered the computer was unlawful would thus necessarily undermine his conviction in contravention of *Heck*. Accordingly, I grant defendants' motion on Brazier's unlawful-search-and-seizure claims stemming from the October and November 2013 arrests because they are *Heck*-barred. Judgment on these claims is entered in favor of the defendants.

## II.     Defendants' Motion to Dismiss [ECF 63]

The entry of judgment on Brazier's 2011 claims and his 2013 unlawful-search-and-seizure claims under FRCP 12(c) leaves Brazier with two remaining claims: (1) excessive force in the arrest on October 20, 2013, and (2) excessive force in the arrest on November 16, 2013. Defendants move to dismiss these remaining claims[53] under LSR 2-2, which requires a plaintiff proceeding with *in forma paperis* status[54] to immediately update the clerk's office of any change of address:

> The plaintiff shall immediately file with the Clerk written notification of any change of address. The notification must include proof of service upon the opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice.

---

[52] ECF 37 at 21–22 (Brazier admitted to having committed the offense on or about November 16, 2013, by "creating and/or altering information contained in a computer located at his residence . . . .").

[53] Defendants move to dismiss all claims on this basis. *See* ECF 63. But because I have already granted judgment on all but two claims, I consider this motion only as to the remaining claims. To be clear, however, Brazier's failure to update his address would warrant the dismissal of all claims had I not entered judgment on some.

[54] Plaintiff was granted IFP status in the initial screening order. *See* ECF 3.

Brazier was obviously aware of this obligation because he filed a notice of change of address on May 4, 2015. But since that time, both defense counsel and this court have sent mail to the address provided by Brazier, and it has been consistently returned as undeliverable.[55]

Defendants point out that they have been unable to deliver discovery requests and discovery has now closed.[56] In addition, Brazier failed to file a status report and has not filed any documents in this matter since May 13, 2015, when he filed a reply in support of his motion for partial summary judgment.[57] Because Brazier has not notified the clerk of his change of address, I grant defendants' motion to dismiss his remaining claims under LSR 2-2. Brazier's excessive force claims arising from the 2013 incidents are dismissed, leaving no viable claims.[58]

### III. Brazier's Countermotion for Judgment on the Pleadings and Motion for Default [ECF 43, 48]

Because I have now dismissed all of Brazier's claims, his motions for partial judgment in his favor are moot and denied as moot. But even if I were not denying these motions as moot, they would still be denied because they lack merit.

---

[55] ECF 63 at 8, 10; ECF 61; ECF 62; ECF 65.

[56] ECF 63 at 3.

[57] ECF 57.

[58] Brazier's failure to oppose the defendants' motion to dismiss provides a second basis for me to grant the motion. Local Rule 7-2(d) provides that "the failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." I also deem Brazier's failure to oppose defendants' motion a consent to the granting of this motion.

Brazier's claims against defendants Saleem and Gallender are also ripe for dismissal under FRCP (m), which provides that a defendant who is not served within 120 days after the complaint is filed may be dismissed without prejudice. These individuals were added as defendants in the Fourth Amended Complaint on February 9, 2015. ECF 27. On August 31, 2015, Brazier was notified that his claims against these defendants would be dismissed absent proof of service by September 30, 2015. ECF 60. Brazier has not filed proof of service for these defendants. Rule 4(m) thus provides an independent reason to dismiss Brazier's claims against Saleem and Gallender.

Defendants have also filed a motion for summary judgment. ECF 67. Because all claims are being resolved on the motions for partial judgment on the pleadings and to dismiss, ECF 37, 63, I do not reach the merits of the motion for summary judgment; it is denied as moot.

In both of his pending motions for partial judgment, Brazier contends that a default judgment should be entered in his favor on his two excessive-force claims arising from the 2013 incidents because these claims are "unchallenged" by defendants' motion for partial judgment.[59] A default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[60] Defendants have not failed to defend this case. They filed answers in which they deny the allegations on which these claims are based.[61] Defendants did not concede Brazier's excessive-force claims simply by declining to include them in their motion for partial judgment on the pleadings. They had no obligation to move for judgment on these claims, and they timely answered as the Rules of Civil Procedure contemplate. Brazier's motions are denied.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Defendants' Motion for Partial Judgment on the Pleadings **[ECF 37] is GRANTED.** Judgment is entered under FRCP 12(c) in favor of the defendants on plaintiff's unlawful-search-and-seizure claims and all claims arising from the January 2011 arrest. *(This leaves only the claims addressed in paragraph 2 below).*

2. Defendants' Motion to Dismiss **[ECF 63]** is **GRANTED**. Plaintiff's remaining **claims for excessive force arising from the 2013 arrests are DISMISSED** without prejudice.

3. Plaintiff's Motion for Partial Judgment on the Pleadings and Motion for Default **[ECF 43, 48]** are **DENIED.**

4. Defendants' Motion for Summary Judgment **[ECF 67] is DENIED** as moot.

---

[59] ECF 43 at 5; 48 at 2.

[60] FED. R. CIV. PROC. 55.

[61] *See* ECF 31, 52.

1 | **The Clerk of Court is directed to enter judgment accordingly and close this case.**

Dated this 13th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge